UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

IN RE: )
BRIANSCOTT J. ENG AND ) NO. 16-80976
MISTY L. ENG, ) CHAPTER 13
    Debtors )
)

## CHAPTER 13 PLAN

1. **Plan Payments and Confirmation:**

    (a) Debtors have completed Form 122C-Statement of Current Monthly Income. The Debtors are under the median income. The Debtors propose to pay their projected disposable monthly income for the commitment period to pay their secured claims, allowed unsecured claims, including attorney's fees and trustee's fees.

    (b) The commitment period is 60 months.

    (c) The plan proposes payments of $279.00 per month for 60 months, payable semi-monthly by a ACH deduction from Debtors' bank account in the sum of $139.50. Debtors' first payment to the Trustee is due no later than 30 days after Debtors' filing date.

    (d) Debtors will turn over any tax refunds to the Trustee in excess of $750.00 a person, and copies of their federal and state tax returns each year to the Trustee, less any child tax credit and earned income tax credit (EIC). In the event Debtors' are delinquent to the Trustee in their chapter 13 payments, the Trustee can keep the tax refunds to pay on the delinquent payments.

    (e) Unsecured creditors will receive an estimated 0.00 percent pro-rata.

2. **Filings of Proofs of Claim:**

    (a) The Trustee shall only distribute payments, including adequate protection payments, to creditors who have actually filed proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11.U.S.C. Section 502(a). However, if a creditor does not file a timely proof of such creditor's claim, then either the Debtor(s) or the Trustee may file such a claim as provided for by 11 U.S.C. Section 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

    (b) The Trustee shall mail payments to the address provided on the proof of claim unless the claimant provides the Trustee with another address in writing for payments to be sent. If the claim is assigned or transferred, the Trustee shall continue to remit payments to the original claimant until a formal notice of assignment or transfer is filed with the Court.

3. **Administrative Costs:**

    (a) Attorney's Fees. The attorney for the Debtors has received $0.00 towards his fees. The remainder of the fee shall be paid in such priority and installments as the Trustee shall deem appropriate after approval of the attorneys fees and costs by the court.

    (b) Trustee's Statutory Fee. The Trustee shall be entitled to reimbursement of fees and costs up to the statutory maximum allowed by law of each disbursement made by the Trustee, regardless of whether it is paid prior to or following confirmation.

4. **Pre-Confirmation Adequate Protection Payments/Lease Payments:** The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditor(s) per standing order of this court; Secured creditors must file a proof of claim to receive payment.

   | Creditor: | Lease/PMSI: | Property: |
   |---|---|---|

   None

5. **Priority Claims:** All claims entitled to priority under 11 U.S.C. Section 507 and 1322 shall be paid in full in deferred cash payments, except for priority claims under Section 507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

   (a) Domestic Support Obligations ("DSO"): None

   (b) Priority claims other than DSO's, Trustee's Fees and Attorney's Fees: None

6. **Secured Claims:**

   (a) Claims secured by Real Property which Debtor intends to retain:

   1. US Bank– To be paid its first mortgage arrearages on 1118 Melodie Lane, Colona, Illinois 61241 through July 2016 in the estimated sum of $9,752.00 through the plan by the Trustee. Debtors' first mortgage payments to resume with their August 2016 payment, and will be paid by Debtors as a direct disbursing agent to US Bank, outside of their plan.

   2. Deere Employees Credit Union-To be paid its second mortgage arrearages on 1118 Melodie Lane, Colona, Illinois 61241 through July 2016 in the estimated sum of $850.00 through the plan by the Trustee. Debtor's second mortgage payments to resume with their August 2016 payment and will be paid by Debtors as an direct disbursing agent to Deere Employees Credit Union, outside of their plan.

   (b) Personal Property: None.

7. **General Unsecured Claims:** The plan proposes payment of a monthly payment for a set term of months, the estimated dividend to general unsecured creditors is 0%. General unsecured creditors shall be paid on a pro-rata basis with payments to commence after the payment of all secured and priority unsecured claims in full.

8. **Executory Contracts and Leases:** None.

9. **Direct Payments to Creditor(s) other than Real Property Secured Creditors:** None.

10. **Miscellaneous Provisions:**

    (a) Property of Estate. On confirmation property of the Debtor remains in the estate and remains in possession of the Debtor, pursuant to 11 U.S.C. Section 1306. Property of the estate includes all property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the Debtor after confirmation of the case, but before the case is closed, dismissed, or likewise converted to another chapter.

    (b) Application and Accounting for Mortgage Payments.

    1. Post-Petition Mortgage Payments. Payments received by holders and/or servicers of mortgage claims for ongoing post-petition installment payments shall be applied and credited to the

        Debtor(s) mortgage account as if the account were current and no pre-petition default existed on the petition date in the order of priority specified in the note and security agreement and applicable nonbankruptcy law. Post-petition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

    2. Pre-Petition Arrearages. Payments disbursed by the Trustee to holders and/or servicers of mortgage claims shall be applied and credited only to the pre-petition arrearages necessary to cure the default, which shall consist of amounts listed on the allowed proof of claim and authorized by the note and security agreement and applicable non-bankruptcy law

    3. Post Confirmation Monthly Mortgage Statements and Annual Escrow Analysis Statements required under RESPA shall be provided to Debtor(s), and the providing of this information shall not be considered a violation of the automatic stay.

(c) Post-Petition Claims. Post-petition claims shall not be paid until and unless Debtor(s) first amends the plan to address and fund such claims.

(d) Lifting of Automatic Stay. Distribution to secured creditors who obtain relief from the automatic stay will terminate on entry of such order lifting the stay, notwithstanding any other term of this plan to the contrary, except to the extent an unsecured deficiency claim is filed, which will be paid as a general unsecured claim.

(e) Lien Avoidance. Any lien which may be avoided pursuant to 11 U.S.C. 522(f) shall be avoided by a separate motion to the benefit of Debtor(s) to the extent permitted by Illinois law. The holders of all other secured claims shall retain the lien securing such claim until the amount for which the claim is allowed is paid in full.

(f) Waiver of Claim for amount due less than $15.00. Any creditor who files a claim under this plan that shall receive less than $15.00 for its claim, shall waive the balance due.

(g) Debtor(s) shall deliver on an annual basis to the Trustee on filing a copy of Federal and State income tax returns for all subsequent tax years after the filing of the Chapter 13 petition, or if not required to file a federal or state income tax return, a letter to the trustee each year advising the trustee that he did not have to file a federal or state tax return.

(h) Title to Secured Property. Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of the estate in bankruptcy for which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the Debtor(s) or the attorney for the Debtor(s). Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor(s) specifically reserve the right to file a motion to reopen this case under Section 360 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

(i) All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

DATED: July 1, 2016                                    ATTORNEY FOR DEBTOR(S):


*/s/Brianscott J. Eng*                                  */s/Joel A. Deutsch*
Brianscott J. Eng, Debtor                              Joel A. Deutsch, #00623059
                                                       Deutsch & Deutsch
                                                       1825 3rd Avenue
*/s/Misty L. Eng*                                       Rock Island, IL  61201
Misty L. Eng, Debtor                                   Telephone: 309-788-9541
                                                       Facsimile:  309-794-1195